IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ESTELLA J CHATTLEY | § | CASE NO: 02-50481 |
|     Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| ESTELLA J CHATTLEY | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 06-5011 |
| | § | |
| GEORGE W STONE | § | |
|     Defendant(s) | § | |

**MEMORANDUM OPINION
CONCERNING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    Estella Chattley, Debtor, ("Plaintiff") filed this adversary proceeding against George Stone, the chapter 7 trustee of her bankruptcy case ("Trustee").  The complaint alleges conversion of wrongful death claims held by Plaintiff's minor children, as well as fraud, negligence, breach of fiduciary duty and violations of the Bankruptcy Code.  Trustee filed a motion for summary judgment and appropriate supporting documentation denying that he exercised authority over any claims other than those held by the estate and denying the other alleged wrongdoing.  Because Plaintiff filed no response to the motion for summary judgment, and because the motion for summary judgment and supporting documentation establish that there is no material issue of fact and that Trustee is entitled to judgment as a matter of law, the Trustee's motion is granted by separate final judgment issued this date.

**I.  BACKGROUND**

    Estella Chattley filed a petition commencing her bankruptcy case under chapter 7 of the Bankruptcy Code on November 5, 2002.

    Debtor's husband, Howard Chattley, died prior to the date that the bankruptcy case was commenced.  He passed away on April 22, 2002, at Mercy Hospital of Laredo, allegedly due to the hospital's negligence.  Debtor was her late husband's sole legatee.

    Trustee sued the hospital for claims held by Debtor and by her late husband's estate. Mediation produced a proposed settlement and the Trustee filed a motion with the bankruptcy court to compromise the lawsuit that he had filed.  In his motion, Trustee alleged that Debtor had agreed to the settlement and had requested expedited approval of the settlement and expedited disbursement of $25,000.00 to Debtor.  (Trustee alleged that the $25,000 would be excess funds after payment of all claims and administrative expenses of the bankruptcy estate and that Debtor

had requested expedited disbursement of funds to her because of necessitous circumstances.) At the hearing on that motion, Debtor's counsel supported the motion and the Court approved the settlement.

In this adversary proceeding, Debtor attempts to assert against the trustee claims of her late husband's three children, alleging that the Trustee settled their claims as well as her own. Trustee alleges that he never asserted rights of anyone other that Debtor individually and as sole legatee of her late husband.

Debtor also alleges that Trustee mishandled the litigation that he brought on behalf of the estate. Trustee dismissed the lawyer hired by Debtor to prosecute the state law wrongful death and survivor claim. The Trustee placed the claim in the hands of four different lawyers; who studied the claims, and ultimately rejected them. Final "special counsel" hired by the Trustee was not able to file the heirs' lawsuit until after a year had passed after Debtor's Chapter 7 filing. During that period, Texas enacted a monetary cap of $ 250,000.00 on damages like those sought in the claims against Mercy Hospital. Prior to September 13, 2003, there was no monetary cap.

Debtor also complains that the Trustee tried to stop negotiations during mediation once he had been offered $75,000.00. Debtor complains that the Trustee stated that $75,000 was all he needed to administer Chattley's bankruptcy estate. Ultimately, the wrongful death and survivor action was settled for $ 115,000.00.

Out of the proceeds of the settlement, the Trustee paid $7,854.00 of federal income taxes, he paid all claims of unsecured creditors, and he paid all administrative expenses. The Trustee paid Debtor $25,000.00. Debtor then filed this adversary proceeding.

## II. STANDARDS FOR SUMMARY JUDGMENT

Defendant filed a motion for summary judgment and supplied supporting documentation on January 18, 2007. The deadline for Plaintiff's response was March 18, 2007. Plaintiff has not responded to the motion for summary judgment.

Summary judgment is warranted if a party establishes that there is no genuine dispute about any material fact and that the law entitles it to judgment, Fed. R. Civ. P. 56(c). Rule 56(c) mandates "the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 106 S.Ct. 2548, 2552 (1986). Fed. R. Civ. P. 56(c) is incorporated into the Federal Rules of Bankruptcy Procedure by rule 7056.

All justifiable inferences will be drawn in the nonmovant's favor, *see Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2513 (1986), but conclusory affidavits will not suffice to create or negate a genuine issue of fact. *See Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986). Unless there is sufficient evidence to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. at 2511. Admissibility of evidence on a motion for summary judgment is

subject to the standards and rules that govern evidence at trial.  *See Rushing v. Kansas City Southern Railway Co.*, 185 F.3d 496 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1171 (2000).

Rule 56 of the Federal Rules of Civil Procedure provides:

> (c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> (e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for the trial.

### III. LEGAL ANALYSIS

#### A. Texas Wrongful Death Act

"An action to recover damages as provided by [the Texas Wrongful Death Act] is for the exclusive benefit of the surviving spouse, children, and parents of the deceased."  Tex. Civ. Prac. & Rem. Code § 71.004.  "The surviving spouse, children, and parents of the deceased may bring the action or one or more of those individuals may bring the action for the benefit of all."[1]  *Id*.

#### B. Conversion of Statutory Heirs' Interest

Conversion is the unauthorized and wrongful assumption and exercise of dominion and control over another's personal property to the exclusion of, or inconsistent with, the owner's rights.  *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971).

Decedent's will probated March 22, 2006, leaves everything to Debtor.[2]  The will named no other beneficiaries.  No children were born to or adopted by Howard Chattley after the date of the will.

The amended complaint filed by the Trustee was styled *ESTELLA CHATTLEY, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF HOWARD CHATTLEY V. MERCY HOSPITAL LAREDO*.[3]  Its claims are limited to those of Estella Chattley and the estate of Howard Chattley.  No other plaintiffs were named by the Trustee in prosecuting the state action.

Debtor's individual cause of action against Mercy Hospital, as well as her cause of action

---

[1] Hereinafter, the Court shall refer to these beneficiaries as the "statutory beneficiaries" or "statutory heirs".
[2] Trustee's Exhibit C-5
[3] Trustee's Ex. C-3

as sole beneficiary of Howard Chattley's estate are property of the bankruptcy estate under 11 U.S.C. § 541.

Trustee has provided summary judgment evidence that Debtor had rights individually and as sole heir of the decedent. Debtor has not provided any evidence that the Trustee asserted a claim owned by anyone other than Debtor directly or by Debtor as sole beneficiary of decedent's estate.

Trustee's Second Amended Complaint clearly indicates that it is filed solely for claims owned by the bankruptcy estate, derivative of claims owned by Debtor as surviving spouse and as sole heir.

C.  Actions under the Texas Wrongful Death Act do not Automatically Include Claims of All Statutory Beneficiaries

Debtor argues that the state court action necessarily included the claims of the statutory heirs because the Texas Wrongful Death Act contemplates that only one suit will be brought for the benefit of all parties entitled to recover as a statutory representative. The same argument was made in *Avila v. St. Luke's Lutheran Hospital*, 948 S.W.2d 841 (Tex. App. – San Antonio 1997) *writ denied*. In *Avila* the deceased's adult children brought wrongful death claims against the defendant hospital. The parties eventually settled, but another suit was later brought on behalf of the minor child of the deceased. *Avila* holds that the requirement to list all beneficiaries as plaintiffs is for the defendant's benefit, is waive able by defendant, and that settlement of an action does not preclude subsequent recovery by an entitled beneficiary if the beneficiary was not named.

Therefore, Debtor's argument is incorrect as a matter of law.

D.  Negligence and Gross Negligence in Prosecuting the State Lawsuit; Breach of Fiduciary Duty

On motion by the trustee and after a hearing on notice the court may approve a compromise or settlement. Fed. R. Bankr. P. 9019. "A bankruptcy court's approval of a settlement order that brings to an end litigation between parties is a 'final' order." *In re Gibraltar Resources, Inc.*, 210 F.3d 573, 576 (5th Cir. 2000) (citation omitted). Res judicata applies where the parties to a settlement objectively manifest an intent to cement their agreement with claim preclusion. *Liberto v. D.F. Stauffer Biscuit Co., Inc.*, 441 F.3d 318, 326 (5th Cir. 2006).

*Res judicata* has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir.1999).

Debtor signed the Settlement Agreement.[4]  The language of the Settlement Agreement includes the parties' intent to preclude all claims and causes of action relating to the basis of the suit whether asserted or not.[5]  The Settlement Agreement between Debtor, Trustee and Mercy Hospital was submitted to this Court for approval.  Debtor was given notice of that motion; Debtor and Debtor's counsel were listed in the certificate of service.[6]  Debtor's counsel was present at the hearing.[7]   Debtor supported the settlement in order to receive $25,000.00 immediately.

The compromise was approved by order dated April 26, 2006.  No appeal was taken.  The order is res judicata as to the propriety of the settlement and the Trustee's conduct.  And because Debtor was a party to the settlement and supported it in this court, Debtor is equitably and judicially estopped from attacking it.

E.  Fraud

Trustee has admitted to making the representations alleged by the Debtor.  Debtor has submitted no summary judgment evidence that the representation were false and no summary judgment support of fraud of any kind.

F.  Violations of Federal Statutory Directives

Plaintiff has alleged that the Trustee has violated various statutory duties.

1. Bankruptcy Code § 704(a)(9)

Trustee is required to file a final report and final accounting of the bankruptcy estate under 11 U.S.C. § 704(a)(9).  The Trustee final report is not yet due.  Debtor cannot sustain this claim.

2. Bankruptcy Code § 704(a)(8)

Debtor alleges that the Trustee has failed to file a tax return.  Trustee has filed a tax return in accordance with the Court's order authorizing payment of federal income tax.[8]

3. Bankruptcy Code § 704(a)(7)

Trustee is required to furnish information concerning the estate and its administration as is requested by a party in interest. 11 U.S.C. § 704(a)(7).  Chattley asks the Court to order the Trustee to respond to her requests under this provision.  The Trustee has given Debtor accountings in this case and has provided his Form 2 which lists all receipts and disbursements in

---

[4] Trustee's Ex. C-4
[5] *Id.*
[6] Trustee's Ex. C-6
[7] Court's minute entry of April 26, 2006
[8] Trustee's Ex. C-9

this case.[9]  Debtor's request is satisfied.

        4.  Bankruptcy Code § 704(a)(2); 28 U.S.C. § 959(b)

Trustee shall be accountable for all property received.  11 U.S.C. § 704(a)(2).  Debtor asserts that Trustee should be accountable for the alleged impropriety that the Court has discussed above, as well as violations of the duties created by 28 U.S.C. § 959(b).  For reasons discussed above, Debtor cannot sustain this claim.

        5.  Bankruptcy Code § 332; FRBP 2010(b)

Debtor has failed to state a claim on which she can proceed with an action on Trustee's bond.

## IV. CONCLUSION

Debtor was aware of the allegations in the suit against Mercy Hospital, she was at all times represented by counsel, she participated in the mediation, she signed the settlement agreement resulting from mediation, and she actively supported the motion for approval of the settlement.  All related issues are decided by that order: *res judicata*.

Defendant's motion for summary judgment is granted by separate order.

SIGNED 04/16/2007.

*Wesley W. Steen*

WESLEY W STEEN
United States Bankruptcy Judge

---

[9] Trustee's Ex. C, C-10